MEMORANDUM **
Juan David Siquina Cacatzum petitions pro se for review of the Board of Immigration Appeals’ (“BIA’s”) order dismissing his appeal from an immigration judge’s (“IJ’s”) order denying his application for asylum, withholding of removal, relief under the Convention Against Torture (“CAT”), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. The BIA relied in part on the IJ’s decision, so we review the BIA’s decision and “look to the IJ’s oral decision as a guide to what lay behind the BIA’s conclusion.” Ahmed v. Keisler, 504 F.3d 1183, 1191 (9th Cir.2007). We deny in part and dismiss in part the petition for review.
We review for substantial evidence the denial of asylum. See Pedro-Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir.2000). Substantial evidence supports the IJ’s determination that Siquina Cacatzum did not establish that guerillas forcibly recruited him on account of his actual or imputed political opinion. Siquina Cacatzum merely speculated that guerillas might have persecuted him because his brother had been in the Guatemalan military, but he offered no evidence linking the guerillas’ recruitment to his brother’s military service or Siquina Cacatzum’s perceived or actual support of the Guatemalan military. See INS v. Elias-Zacarias, 502 U.S. 478, 481-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); Molina-Estrada v. INS, 293 F.3d 1089, 1094-95 (9th Cir.2002). Substantial evidence also demonstrates that Siquina Cacatzum would not suffer future persecution because no evidence suggested that guerillas still sought him after his lengthy *132 absence and conditions had improved enough that he would not be subject to persecution if he returned. See Molina-Estrada, 293 F.3d at 1095-96.
Because Siquina Cacatzum did not establish eligibility for asylum, he cannot demonstrate eligibility for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Siquina Cacatzum also abandoned his claim for CAT relief by failing to raise it in his opening brief. Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996).
We lack jurisdiction to review the BIA’s discretionary determination that Siquina Cacatzum failed to show that his daughter would suffer “exceptional and extremely unusual hardship” if Siquina Cacatzum were removed. See Romero-Torres v. Ashcroft, 327 F.3d 887, 891 (9th Cir.2003).
PETITION FOR REVIEW DENIED in part and DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.